UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELFRIDA V. JOHNSON | CIVIL ACTION |
| VERSUS | NO:  04-2966 |
| JO ANNE B. BARNHART, COMMISSIONER<br>OF SOCIAL SECURITY ADMINISTRATION | SECTION: "I" (4) |

### ORDER

Before the Court are two **Motions to Transfer (doc. # 25, doc.  #26)** filed by the plaintiff, Eflrida V. Johnson.  The Commissioner of Social Security has not filed a responsive motion.

**I.** **Factual Summary**

The plaintiff filed applications for disability insurance benefits and supplemental security income benefits and failed to file a request for hearing.  According to the record, the plaintiff became entitled to a period of disability and disability insurance benefits as a result of a favorable hearing decision of March 17, 1994,and insurance benefits on September 14, 1999. A  favorable decision was issued regarding the disability insurance and benefits application, and it became the final decision of the Commissioner because she failed to seek review within sixty days of having received the decision.  She did not seek review of the  1994 decision or the 1999 decision until November 2, 2004.

Johnson suggested in her application that she is actually seeking review of the termination of benefits.  She attached a copy of a notice she received  from the agency dated January 8, 1999 in

which she was advised that she was not eligible for SSI benefits after January 1999 because she and her husband's combined income exceeded the income limit that would qualify her for receipt of such benefits. The notice clearly states that she had sixty days from receipt of the notice of planned action to seek review.

This Court recommended dismissal of her appeal of the termination of benefits because the statute of limitations for pursuing benefits expired several years before she filed the subject request for review. The District Court then adopted the recommendation.

Johnson sought appellate review of the decision and the circuit court affirmed the decision in part and remanded it in part for review of three issues: (1) whether one of her children, Demas Washington, should have remained on the claim of Demas G. Washington (his adopted father) and not switched to her claim when Demas A. Washington moved in with her; (2) whether the Social Security Administration waived certain overpayments made to her on account of her children but later deducted the overpayments and failed to return them to her; and (3) whether she and her children were entitled to benefits on account of her husband Raymond Johnson, because they are separated but not legally divorced such that she is entitled to social security benefits. (*See* Rec. Doc. No. 19).

Before a determination on the aforementioned issues could be made, Johnson filed the subject motions questioning why her cases remained pending in the Eastern District of Louisiana and requested that her case be transferred because she no longer resides in New Orleans as a result of Hurricane Katrina. She contends that she now lives in Shreveport and seeks to transfer the case to the Western District of Louisiana. She also provided the Court with her current address.

**II.     Analysis**

The statute governing judicial review of decisions of the Commissioner states in relevant part

that a civil action to review such a decision must be "brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business." 42 U.S.C. § 405(g).  When an action is filed in the wrong judicial district, it must be transferred to the proper judicial district.  *See e.g. McNemere v. Bullock County Soc. Sec. Dep't*, CIV.A.01-117, 2001 WL 303289, at * 1 ( S.D.Ala. March 13, 2001).

In cases where the matter is filed in the proper judicial district but a party requests a transfer for convenience of the parties and witnesses, Title 28 U.S. C. § 1404(a) provides that such a transfer may be made in the interest of justice at the discretion of the court.  In this case, Johnson commenced this action when she was a resident of New Orleans, Louisiana and venue was proper in this court.  She could not have originally brought her action in the Western District of Louisiana because she did not reside there.  Accordingly, 28 U.S. C. §1404(a), does not provide that transfer is appropriate.

Even if transfer was allowed by the statute neither convenience of the parties nor the interests of justice warrants a transfer in this case.  The undersigned will be requesting briefing from the government regarding the remaining claims and the matter will be decided upon briefing.  Further, there are no witnesses in this case who will be inconvenienced by resolving the case in this district.

Accordingly,

**IT IS ORDERED** that Johnson's **Motion to Transfer (doc. #25),** and **Motion to Transfer (doc. # 26) are DENIED.**

New Orleans, Louisiana this ____5th____ day of January, 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**