**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ELFRIDA V. JOHNSON**                    **CIVIL ACTION**

**VERSUS**                                          **NO:   04-02966**

**JO ANNE B. BARNHART, COMMISSIONER**       **SECTION: "I" (4)**
**OF SOCIAL SECURITY ADMINISTRATION**

<u>REPORT AND RECOMMENDATION</u>

**I.**      <u>**Introduction**</u>

This is an action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") pursuant to **Title 42 U.S.C. § 405(g)**.  The Commissioner denied Elfrida V. Johnson's ("Ms. Elfrida Johnson") claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, **Title 42 U.S.C. § 1382c**.

Pursuant to the directive of the Fifth Circuit, the undersigned conducts further review of Ms. Elfrida Johnson's social security application and her contentions on appeal that (1) her children are due back pay benefits and (2) she is entitled to benefits on account of her husband. These issues were  referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

**II.**     <u>**Factual Summary**</u>

In her application, Ms. Elfrida Johnson claims that both she and her children are entitled to

SSI benefits on account of her husband, Raymond Johnson ("Mr. Raymond Johnson"), because (1) she and her husband are merely separated and not divorced and (2) they were married for over ten years and she is not going to remarry.

Ms. Elfrida Johnson was awarded disability insurance benefits in March 1994 and SSI benefits in September 1999.  However, the Social Security Administration ("SSA") informed her that her and her husband's combined income exceeded the regulatory limit and therefore she would be ineligible for SSI benefits after January 1999.  She did not appeal this decision until she filed the application in this Court, in which the undersigned recommended dismissal pursuant to the 60-day limitations rule and the district judge and circuit court affirmed on the issue.

### III.   <u>Standard of Review</u>

A civil action to review a decision by the Commissioner must be "brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business."  42 U.S.C. § 405(g). The Social Security Act ("Act") provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action" in federal district court.  *Id*.  The Act does not define "final decision," instead leaving it to the SSA to give meaning to that term through regulations.  *See* 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

The regulations provide that "[a] claimant may obtain judicial review" if the civil action is brought within 60 days after the claimant receives notice.  20 C.F.R. § 422.210(a), (c).  The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice."  *Id*.  A claimant can rebut this presumption by making a "reasonable

showing to the contrary" that he or she did not receive such notice within five days. 20 C.F.R. § 422.210(c).  If the claimant successfully rebuts the presumption, the burden is then placed upon the Secretary to establish that the claimant received actual notice. *Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir.1984).

IV.   **Analysis**

On March 14, 2007, the undersigned ordered the Commissioner to answer the following questions to determine whether Ms. Elfrida Johnson's claim on review is appropriately before the court: (1) whether Ms. Elfrida Johnson ever submitted claims to the SSA for back pay benefits for her children and herself, on account of her husband, (2) whether the SSA determined those claims, (3) whether she sought review of any determinations of those claims by the administrative law judge ("ALJ"), and (4) if the ALJ considered those claims, whether she sought review of the ALJ's decision with the Appeals Council.

The Commissioner responded that on September 19, 1997, Ms. Elfrida Johnson's husband, Mr. Raymond Johnson filed an application for disability insurance benefits.  (Decl. of Patrick J. Herbst, R. Doc. 34.)  His request was denied and he did not appeal the application.  However, Mr. Raymond Johnson reapplied for benefits on September 19, 1999.  *Id.*  His claim for disability insurance benefits was again denied by the SSA, but ultimately granted in a hearing decision.  *Id.*

Thereafter, on November 15, 1999, Ms. Elfrida Johnson filed an application for benefits for her child Treyvon Johnson ("Treyvon"), on account of her husband Mr. Raymond Johnson.  *Id.* Treyvon was awarded benefits beginning August 1999.  *Id.* The Commissioner indicates that it has no record or evidence that Ms. Elfrida Johnson ever filed an application for spousal benefits for herself, or applied for benefits for her three older children: Demas A. Washington ("Demas"),

Denzel Washington ("Denzel"), and Raymond Washington ("Raymond"), on account of Mr. Raymond Johnson. *Id.*

The Commissioner acknowledges that Ms. Elfrida Johnson filed a claim for disability insurance benefits for herself, on her own account on March 19, 1990, in her then name, Elfrida Washington. The ALJ found that she was entitled to benefits. *Id.*

Demas's adoptive father, named Demas G. Washington ("Mr. Demas G. Washington"), died in February 1993. Mr. Demas G. Washington is the biological father of Ms. Elfrida Johnson, and therefore is the biological grandfather of Demas. However, he adopted Demas and thus became Demas's adoptive father.

After Mr. Demas G. Washington's death, Demas became entitled to benefits as a result of an application filed on his behalf in May 1993. Thereafter, Ms. Elfrida Johnson filed applications for child's insurance benefits for Demas and Raymond on July 5, 1994. In that application, she also applied for benefits for Denzel who had been born on June 8, 1994. *Id.* In December 1994, Demas, Denzel, and Raymond were awarded children's benefits on Ms. Elfrida Johnson's record. Demas was awarded benefits effective on the month of March 1989, Raymond's benefits were effective June 1989, and Denzel's benefits were effective in July 1994. *Id.*

Because Demas was entitled to child's insurance benefits on the records of both of his biological father, Mr. Raymond Johnson, and his adoptive father, Mr. Demas G. Washington, the Commissioner contends the "combined family maximum" took effect, limiting the overall amount of benefits payable on any one person's account. *See id.* at 4-5.; 20 C.F.R. § 404.403. According to the Commissioner's record, Ms. Elfrida Johnson questioned whether her children were receiving the appropriate benefit rates.

However, Patrick J. Herbst ("Herbst"), a representative for the appellate operations of the SSA, declared that there is no evidence that Ms. Elfrida Johnson sought reconsideration of the amount of benefits the SSA concluded that her children were due.  Further, Herbst indicates that he also found no hearing decision by an ALJ on the issue or Appeals Council decision pertaining to the issue.

The response provided by the Commissioner suggests that as to the issues regarding whether her children were being appropriately paid benefits, Ms. Elfrida Johnson was advised of the benefits. Furthermore, despite her knowledge of the Social Security system, she did not seek review of the determination and nor did she administratively question whether they were receiving the correct amount in benefits.  Statutorily, she could have sought review by an ALJ, but there is no record of her doing so.  Additionally, upon an unfavorable decision by the ALJ, she could have sought review by the Commissioner, but there is no record that she has done so. Therefore, it is the considered opinion of the undersigned that Ms. Elfrida Johnson's claims should be dismissed because the limitations period for challenging the agency decision has expired.

Regarding Ms. Elfrida Johnson's contentions that she is entitled to benefits on the account of her husband, the Commissioner indicates that SSA records show that Ms. Elfrida Johnson never submitted an application for spousal benefits for herself or the Washington children on the account of Mr. Raymond Johnson.  Therefore, without an administrative record showing that she was denied a request on the account of Mr. Raymond Johnson, her request for review is not ripe and should be denied.

**V.**     **Recommendation**

It is the **RECOMMENDATION OF THIS COURT** that the claims of Ms. Elfrida Johnson

be dismissed as frivolous because the limitations period for challenging the application of the combined family income maximum rule has run and there is no record that she has submitted an application for benefits on the account of her husband Mr. Raymond Johnson.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of November 2007

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**